UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONESHA HAMILTON, <br>     Plaintiff, <br> v. <br> WAYFAIR LLC, <br>     Defendant. | Case No. 19-cv-02291-VC <br><br> **ORDER GRANTING MOTION TO REMAND, DENYING AS MOOT MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> Re: Dkt. Nos. 16, 17 |

Hamilton's motion to remand is granted because Wayfair has not met its burden to show that the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d); *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

Wayfair relies on unreasonable assumptions in attempting to meet its burden. For instance, Wayfair assumes that Hamilton's claim for failure to reimburse business expenses involves the cost of text messages. But that assumption is pulled from "thin air." *See Ibarra*, 775 F.3d at 1199. There is no reference to text messages in the Strebel declaration submitted by Wayfair or in the complaint. Similarly, Wayfair's assumption of either eight or five meal and rest period violations per week is ungrounded in any evidence, and the plaintiff's passing references in the complaint to Wayfair's policies, patterns, and practices are insufficient to support the assumption. *See, e.g.*, *Rutledge v. Healthport Techs., LLC*, 2017 WL 728375, at *2 (N.D. Cal. Feb. 24, 2017) ("The allegation of a policy and practice may make the assumption of violations against all class members reasonable. It does not shed light, though, on the frequency of the violations."). And without sufficient allegations or evidence from which to discern a reasonable violation rate for the overtime and the meal and rest break claims, there is no grounded basis to conclude that the amount in controversy exceeds $5 million.

This lawsuit is the type that may well become removable in the course of litigation, perhaps as a result of discovery responses by the plaintiff, or through the defendant's own investigation, or both. But the case is not removable now. Admittedly, the issue of whether the amount in controversy is satisfied in a CAFA case – and therefore whether removal is warranted – can be frustrating for defendants. As is true here, plaintiffs may hide the ball to avoid removal, and defendants may be either unwilling or unable to submit evidence showing exposure to the type of large judgment that would satisfy the jurisdictional requirement. But in these situations, defendants need to hold off on removing cases until discovery truly reveals that the amount in controversy exceeds $5 million. Perhaps defendants so often remove these cases prematurely because they fear that if they don't do so right away, their subsequent removal could be deemed untimely. But they shouldn't worry about that, because the 30-day removal clock does not start running until a defendant can "unambiguously ascertain that CAFA jurisdiction exist[s]." *Graiser v. Visionworks of America, Inc.*, 819 F.3d 277, 285 (6th Cir. 2016).

The motion for judgment on the pleadings is denied as moot, and the order to show cause is discharged as moot. The case is remanded to Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: August 6, 2019

_____
VINCE CHHABRIA
United States District Judge